IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NANCIE W. SEAL, #225342, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-198-WHA |
| ) | [WO] |
| ) | |
| MONTGOMERY WOMEN'S FACILITY, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 case is pending before the court on a complaint filed by Nancie W. Seal ["Seal"], an indigent state inmate incarcerated at the Montgomery Women's Pre-Release Facility, on February 29, 2012.[1]  Upon review of the complaint, the court found

> that the Montgomery Women's Facility is not a proper defendant as a correctional facility is not a legal entity subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In addition, those claims arising from medical treatment provided to the plaintiff in 2008 are barred by the two-year period of limitation applicable to 42 U.S.C. § 1983 actions filed in this court. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (The proper statute of limitations for § 1983 suits is the forum state's general or residual statute of limitations for personal injury actions.); *McNair*

---

[1] Although the Clerk of this court stamped the complaint "received" on March 2, 2012, a review of the complaint indicates Seal presented the document to prison officials for mailing on February 29, 2012.  Compl. (Doc. No. 1) at 4.  The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Seal] signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers February 29, 2012 as the applicable date of filing.

*v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have [her] claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.").

Order of March 6, 2012 (Doc. No. 4) at 1-2. The court cautioned Seal "***that this case will proceed only against the defendants named and claims presented in the amended complaint***" and "***if she fails to comply with the directives of this order the Magistrate Judge will recommend that this case be dismissed.***" *Id*. at 3 (emphasis in original).

In light of the foregoing, the court deemed it appropriate to require that Seal file an amended complaint and provided instructions with respect to filing of the amended complaint. *Id*. at 2-3. Specifically, the court advised Seal she had to name proper defendants and describe how each defendant acted in violation of her constitutional rights. *Id*.

On March 12, 2012, the court received a document from the plaintiff in which she indicated a preference to dismiss this case at this time. In response to this document, the court entered an order reiterating the information contained in the March 6, 2012 order, providing additional information to Seal and requiring Seal to "advise the court of whether she seeks to proceed with this cause of action." Order of March 13, 2012 (Doc. No. 6) at 2-3. Seal had until March 21, 2012 to file an amended complaint and/or advise the court of her intent to proceed with this case. As of the present date, Seal has failed to file an amended complaint or any response to the order issued on March 13, 2012. Consequently, the court

concludes this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amended complaint in accordance with the directives of the orders entered in this case. It is further

ORDERED that on or before **April 19, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 5th day of April, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE